## CALEB WRIGHT *vs*. ELISHA ALLEN.

Where the payee of a promisory note received from one of the signers an order on a third person for a portion of the note, which order, if accepted and paid, was agreed to be in full satisfaction of all claims against such signer on said note, and the payee was to look to the other signer alone for the residue,—it was held in an action afterwards brought by the payee against the signer from whom the order had been received, that the receiving the order, as above mentioned, was not a valid defence to the action, although the order were paid by the drawee, or he were prevented from paying it by the misconduct of the plaintiff,

This was an action on note, dated August 20, 1823, for $34, payable in cows in four years from date, signed by defendant and Ira Allen. Plea, *general issue*. On trial the defendant introduced evidence tending to prove, that in February, 1829, the plaintiff was at the house of the defendant, in Salisbury, with the note in question, and that he then and there verbally agreed with the defendant, that, if the latter would draw an order for ten dollars in favor of the plaintiff, upon one Cady, living in the state of New-York, and not many miles from the plaintiff's place of residence, the plaintiff would cause said order to be immediately presented to Cady for acceptance, and if accepted and paid, it should be in full of all claims of the plaintiff against the defendant on said note ; and that plaintiff would execute and leave with Cady a discharge of defendant upon said note—the plaintiff reserving the right to collect the balance from Ira Allen, the other signer, and engaging to look to him alone for the same ;—that the defendant did accordingly draw said order on Cady, which the plaintiff received and carried away, together with the note. Evidence was also given tending to show the defendant's ability to pay said note, and that Ira Allen was understood to be poor ; and that defendant insisted it was the proper debt of Ira Allen to pay. Evidence was also given to show that defendant had effects in the hands of Cady sufficient to answer said order ; that the plaintiff did not present the order to Cady for acceptance, until several months after he received it, and then signified to Cady his wish that it might not be accepted ; and that Cady for a time hesitated, and rather declined to accept it, saying he did not know

ADDISON,
January,
1832.

Wright.
vs.
Allen.

how accounts stood between him and the defendant—being induced thereto partly by this suggestion of the plaintiff—but that he soon after sent word to the plaintiff that he would accept and pay the order; but it was not again presented. Evidence was also given tending to show, that shortly before this action was commenced, the plaintiff by his agent offered to return, and tendered, the order to the defendant, who refused to receive it. Whereupon the defendant contended, and requested the court to charge the jury, that these facts, if proved, operated to discharge the defendant from the note, and entitled him to a verdict. But the court instructed the jury, that the facts aforesaid, however well established by proof, did not discharge the defendant, nor entitle him to a verdict; but that the jury were at liberty, in computing the damages, to deduct the amount of the order and interest thereon, if they found that Cady had funds of the defendant sufficient to pay it—and that the non payment of it had been caused by the act or neglect of the plaintiff. The jury returned a verdict for the plaintiff, deducting the order as above instructed.

The defendant excepted to the charge of the court, and brought the cause to this Court for a new trial.

After argument by counsel,

The opinion of the Court was delivered by

WILLIAMS, J.—The question in this case is, whether the verbal agreement of the plaintiff to accept an order on Cady for ten dollars, should be in full of his claim on the note declared on, which was for a larger sum?

To give it this effect, it must be considered either as an accord and satisfaction, or in the nature of a release. The first enquiry is, can the agreement and the subsequent proceedings be considered as an accord and satisfaction, as the defendant contends? Upon this point there can be no doubt. The very terms of the agreement exclude the idea of the order being received in satisfaction. A satisfaction received, or an accord and satisfaction executed, would be a discharge of the demand itself, and would equally avail either of the signers of the note; whereas no such result was contemplated or intended; moreover, it was expressly agreed that it should not so operate.

Without enquiring, therefore, whether the agreement has been executed, or whether the order has been accepted and paid according to the terms of the agreement, or whether, if the payment and acceptance was prevented by the misconduct of the plaintiff,

ADDISON,
January,
1832.

WRIGHT
vs.
ALLEN.

as to him, it should be considered the same as if accepted and paid, or whether a verbal agreement to accept a less sum can, in any case, be insisted on as a satisfaction even though it has been received in pursuance of such agreement. We decide, without any hesitation, that here was no accord and satisfaction, which can avail the defendant, as a discharge of the note. Neither can this agreement be considered in the nature of a release ; as an agreement, not to sue it, was void for want of consideration. A covenant, not to sue, may, in some cases, operate as a release ; but a covenant is supposed to be founded on a consideration.

On both grounds taken by the defendant, we think he must fail, and that the judgement of the county court was correct. This question was decided in a case very similar to the one under consideration, *Harrison* vs. *Close and Wilcox*, (2 *Johns.* 448.) It was held in that case, that a payment by one of two joint promissors of a part of a note, and an agreement by the payee, that in consideration of such payment he would not call on him for the payment of the note, but would collect the residue of the other promissor, was no bar to a suit against both on the note, but that the agreement was a *nudum pactum*. This same principle was decided in the case of *Seely and others* vs. *Spencer*, (3 *Vt. Rep.* 338,) a case very analogous to the present.

The judgement of the county court, must, therefore, be affirmed.

*Woodbridge & Bradley*, for plaintiff.

*Doolittle & Briggs*, for defendant.